**NOT FOR PUBLICATION**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

LABORERS' INTERNATIONAL
UNION NORTH AMERICA, LOCAL
872; THOMAS M. WHITE, AKA Tommy
M. White,

        Plaintiffs-Appellants,

  v.

CITY OF LAS VEGAS; et al.,

        Defendants-Appellees.

No.   21-15772

D.C. No.
2:19-cv-00322-RFB-NJK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Nevada
Richard F. Boulware II, District Judge, Presiding

Submitted March 14, 2022[**]
Las Vegas, Nevada

---

    [*]     This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

    [**]     The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

Before: KLEINFELD and BENNETT, Circuit Judges, and COGAN,*** District Judge.

Laborers' International Union North America, Local 872 ("Laborers' Union") and Thomas M. White appeal the district court's dismissal of their claims against Las Vegas and two former city councilmen for lack of standing. We have jurisdiction under 28 U.S.C. § 1291 and affirm.[1]

We review a district court's determination on standing *de novo* and where "standing is raised in connection with a motion to dismiss, the court is to accept as true all material allegations of the complaint and construe the complaint in favor of the complaining party."[2] The party invoking federal jurisdiction bears the burden of establishing the elements of Article III standing.[3] Article III standing "requires that the plaintiff have a concrete and particularized injury fairly traceable to the

---

*** The Honorable Brian M. Cogan, United States District Judge for the Eastern District of New York, sitting by designation.

[1] Appellants have filed two motions to supplement the record. Dkt. Nos. 29, 31. Both motions are denied as moot.

[2] *Levine v. Vilsack*, 587 F.3d 986, 991 (9th Cir. 2009) (cleaned up).

[3] *Meland v. WEBER*, 2 F.4th 838, 843–44 (9th Cir. 2021).

challenged conduct that likely can be redressed by a favorable judicial decision."[4]

Here, Laborers' Union failed to establish that the alleged injury is fairly traceable to appellees' challenged conduct. The Project Labor Agreement expired in 2010. According to the complaint, the landowners did not start submitting applications to develop the property until 2015. Even if Las Vegas and councilmen did unconstitutionally take the landowners' property, there is no way to fairly trace the failure to realize the profits of an agreement that expired years prior to that unconstitutional taking. The district court was correct to dismiss for lack of standing. **AFFIRMED.**

---

[4] *Inland Empire Waterkeeper v. Corona Clay Co.*, 17 F.4th 825, 831 (9th Cir. 2021) (citing *Friends of the Earth, Inc. v. Laidlaw Env't Servs. (TOC), Inc.*, 528 U.S. 167, 180–81 (2000)).